```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                   SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION


CALVIN ALPHONSE LEE,            :

     Plaintiff,                 :

vs.                             :   CIVIL ACTION 04-0823-WS-M

JACK S. TILLMAN, et al.,        :

     Defendants.                :
```

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief can be granted.

I. Complaint (Doc. 1).

Plaintiff names as Defendants Jack S. Tillman, Sheriff of Mobile County, Alabama; Mike Haley, Warden of Mobile County Metro Jail; Dr. Sonnnier; and Dr. Smith. Plaintiff's Complaint is based on his conditions of confinement at the Mobile County Metro Jail (hereinafter "jail") from September 4, 2004, when he was initially incarcerated, until when he filed his Complaint on

December 29, 2004 (Doc. 1).  For relief, Plaintiff requests, "Investigate the Mobile County Metro Jail and it's Offical's Reprimand the guilty.  Compensate Plaintiff.  Correct the problem's Immediately.  And never let it accure again.  Remove and Replace the Personnel-In-Charge. [sic]"

Since filing the Complaint, Plaintiff has been transferred to Kilby Correctional Facility (Doc. 5), then back to the jail from March 10, 2005, to March 14, 2005 (Docs. 6 & 7), and now he is incarcerated at Bullock Correctional Facility (Doc. 7).  Plaintiff advises that he was found guilty of a probation violation on November 1, 2004, and received a twelve-year sentence (Doc. 1, at 7).

In the Complaint, Plaintiff makes the following allegations.  The jail is constantly overcrowded.  The inmates are placed in lock-down when the grand jury comes through and are not allowed to talk to them.

An entire wedge is punished for the actions of one inmate.  Punishment consists of being denied religious services, being denied access to television for a number of days, and being locked down for 23 hours, which deprives inmates of once-a-month recreation.  Plaintiff contends this type of punishment encourages inmates to assault the guilty inmate or to tell on him and keeps officers from having to search for contraband.  Officers threaten or bully inmates who will talk back, and

officers bring in contraband, which results in inmates being punished for it.

The jail lacks a law library.  In almost ninety percent of the criminal cases, an indigent criminal defendant meets his attorney about fifteen minutes prior to his scheduled court-appearance and is told to accept the plea bargain offered by the district attorney.  Allegedly, the defendant's attorney knows nothing about the case, which results in a sentence of imprisonment for the defendant.

Furthermore, Plaintiff alleges that on December 24, 2004, a state inmate in 120S block was diagnosed with tuberculosis and was then moved.  However, for the most of the time from August, the inmate had been in general population.  No action was taken to determine if other inmates were infected.

Inmates who are infected with the AIDS virus handle food and have their clothing washed with the rest of inmates.  After they leave the jail, their blankets, shoes, and uniforms are given to incoming inmates without being cleaned.  Plaintiff maintains that constant outbreaks of diseases, such as tuberculosis, hepatitis C, staph, AIDS, etc., occur due to a lack of a plan to combat these issues.

Inmates are charged for medications not received or discontinued.  If an inmate owes money for a doctor's visit or for medication, all of an inmate's money may be taken leaving the

inmate unable to buy hygiene items.  Furthermore, the medical staff does not give an inmate a pink slip so the inmate has a record of his debt to the medical department.

A doctor will not send for "free-world" records to determine which medication is most effective for an inmate but will instead try a medication with which an inmate may already have had problem.  Furthermore, the nurses do not follow doctor's orders as prescribed.  Diabetic and low sodium trays are always served cold.  The medical staff quoted Defendant Dr. Sonnier when they told Plaintiff, eye care was unavailable at the jail and he had to wait until he left the jail.

II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a

---

[1]The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered.  *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833.  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

III.  <u>Discussion</u>.

    Examining the requests for relief, Plaintiff's requests to reprimand, remove, replace, and investigate are not appropriate

requests in this § 1983 action.  *See, e.g., Newman v. Alabama,* 559 F.2d 283, 288 (5th Cir.) (Ruling the court does not have the "authority to address state officials out of office or to fire state employees"),[2] *cert. denied*, 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978); *Inmates of Attica Correctional Facility v. Rockefeller,* 477 F.2d 375, 381-83 (2d Cir. 1973) (affirming the dismissal of a complaint seeking the investigation and prosecution of officials who allegedly violated federal and state criminal statutes).

Plaintiff's other specific requests are for injunctive relief.  That is, his requests to correct the problem and to prevent it from recurring.  "Equitable [(i.e., injunctive)] relief is a prospective remedy, intended to prevent future injuries."  *Adler v. Duval County Sch. Bd.,* 112 F.3d 1475, 1477 (11th Cir. 1997).  For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury."  *Id.*

In the context of a § 1983 action filed by a prisoner, such as this, the law is settled that a prayer for injunctive relief becomes moot upon the transfer or release of that prisoner from

---

[2] The Eleventh Circuit in *Bonner v City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

the facility where his cause of action arose.  *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred."), *cert. denied*, 488 U.S. 1046, 109 S.Ct. 876, 102 L.Ed.2d 999 (1989)(quoting *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985)); *McKinnon v. Talladega County, Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) ("[t]he general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief.").

   No longer does there appear to be a threat of injury as Plaintiff would have to be returned to jail and to the conditions as they were September 4, 2004, to December 29, 2004.  He makes no allegations that there is a possibility that he will be returned, even though he returned briefly for an apparent court appearance.  Furthermore, the conditions about which he complains will not be the same as those he encountered in 2004, because they will undoubtedly be impacted by the fact that the position of sheriff is no longer occupied by Jack Tillman.  Thus, the future conditions to which Plaintiff may be exposed are unknown and it is mere speculation that Plaintiff would be returned to the jail for another court appearance or that upon his release at the end of his sentence, he would commit another crime, be

arrested, and be placed in the jail.  Accordingly, for the reasons set forth above, the Court finds that Plaintiff's claim for injunctive relief from the conditions of his confinement at the jail is now moot.

In addition to the injunctive relief requests, Plaintiff requests to be compensated.  Liberally construing this request, the Court finds that this is a request for damages.  However, Plaintiff has not identified the injury for which he seeks damages.  Nonetheless, a review of his allegations does not indicate that Plaintiff sustained an injury.  Thus, the Court deduces that Plaintiff seeks to be compensated for his exposure to the conditions at the jail during his confinement there.

In Plaintiff's general description of his claims, he has not referred to Defendants Tillman and Haley.  Then, in Section III in regard to Defendants Tillman and Haley, he states: " Cruel and Unusuall Punishment Denieing Inmate's of Constitutional Right's and Civil Right's.... Since Incarceration September 4, 2004 at the Mobile County Metro jail Repeated overcrowded condition's, Repeated outbreak's of certain dieases and Action taken to combat the problem's. [sic]"  These allegations against Defendants Tillman and Haley are vague and conclusory and are absent of an injury sustained by Plaintiff as result of these Defendants' actions or customs or policies.

Whereas, "'when individuals are being sued in individual

capacities for damages for personal injuries, the causation inquiry must be more refined and focused than that under taken ... where only declaratory and injunctive relief [are] sought for constitutional violations pervading an entire prison system.'" *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (quoting *Williams v. Bennett,* 689 F.2d 1370, 1383 (11th Cir.), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)). Thus, in a § 1983 damages action, a plaintiff must establish a causal connection between a defendant's actions, orders, customs, policies, or breaches of statutory duty and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted.  *Id.* at 401; *Williams,* 689 F.2d at 1380. And, in a § 1983 action based on a prisoner's conditions of confinement, it is

> A prison official's deliberate indifference to a known substantial risk of serious harm to an inmate violates the Eighth Amendment. *See Helling v. McKinney,* 509 U.S. 25, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993).  An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not "respond[] reasonably to the risk."  *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 1982-83, 128 L.Ed.2d 811 (1994).  A plaintiff must also show that the constitutional violation caused his injuries.

*Marsh v. Butler County, Ala.,* 269 F.3d 1014, 1029 (11th Cir. 2001).  However, in the present action, Plaintiff does not

allege that he was injured.  Accordingly, the undersigned finds that in regard to Defendants Tillman and Haley, Plaintiff has failed to state a claim upon which relief can be granted.

As for Plaintiff's claim against Drs. Sonnier and Smith, in Section III he states: " Denial of Adequate Medical treatment Violation of Civil Rights . . . . Since September 04, 2004, Mobile County Metro Jail has failed to perform his job description in a safe and adequate manner.  Has no respect for human life same with psychiatrist Dr. Smith same location. [sic]"  Also, Plaintiff's general description contains a reference that the medical staff quoted Dr. Sonnier as stating that they do not treat eyes and Plaintiff should wait until he leaves the jail.

"In order to state a cognizable [medical] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs."  *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).  Plaintiff has not alleged that he had a "serious medical need."  Thus, considering the paucity of information about Plaintiff's medical claims and the lack of an allegation of a serious medical need, the Court finds that the damages claims against Defendants Drs. Sonnier and Smith are frivolous.

IV.  <u>Conclusion</u>.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of

process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief can be granted.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

11

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 21st day of August, 2006.

s/BERT W. MILLING, JR.<br>UNITED STATES MAGISTRATE JUDGE